■ In the Matter of ADMIRAL WINE & LIQUOR Co., Also Known as ADMIRAL WINE MERCHANTS, Petitioner, v STATE LIQUOR AUTHORITY, Respondent. —

Petition pursuant to CPLR article 78 to review a determination of respondent State Liquor Authority, made on or about August 25, 1981, granted to the extent hereinafter set forth, and that determination annulled in part, to the same extent, by vacatur of findings numbered 2 and 3, and the penalty imposed by that determination annulled and vacated, on the law, and, in the exercise of discretion, to remand the matter to respondent State Liquor Authority for the fixing of a new and appropriate penalty, and the petition otherwise denied and the determination confirmed, without costs. Petitioner is a wholesale distributor located in New Jersey, authorized since 1974 to conduct a wholesale wine business in New York State. A hearing was held on a number of charges of violation of sections of the Alcoholic Beverage Control Law. Charge No. 1 was to the effect that petitioner's New York premises was not operated as a bona fide licensed premises within contemplation of the rules of the State Liquor Authority in that it was maintained as an order-taking front for an operation actually conducted in New Jersey. The charge was sustained. Charge Nos. 2 and 3 covered violations of law (Alcoholic Beverage Control Law, § 101-b, subd 3, par [b]; § 101-bbb, subd 2) in that wine was sold to retailers not in compliance with time and price schedules required to be filed. Both were sustained, improperly we hold. Similar sections allegedly violated by petitioners have been held violative of the Sherman Antitrust Act (US Code, tit 15, § 1 *et seq.; California Liq. Dealers v Midcal Aluminum,* 445 US 97). Our own courts have followed suit, citing the California case (*Matter of Mezzetti Assoc. v State Liq. Auth.,* 51 NY2d 761). Accordingly, that portion of the determination respecting Charge Nos. 2 and 3 must be annulled, but the determination is confirmed as to Charge No. 1. Charge No. 4 relates to the "sale of gift sets" actually a promotion through means of a premium with certain wine sets. Charge Nos. 5 and 6 relate to, first, extension of operations to other premises before removal, and then actual removal, without prior permission, to those premises. We confirm those findings. The penalty imposed for these violations was forfeiture of the $5,000 bond, and license cancellation. In the circumstances depicted, particularly our vacatur of Charge Nos. 2 and 3, we regard the penalty to be unduly harsh. (*Matter of Pell v Board of Educ.,* 34 NY2d 222, 233.) We remand to the authority accordingly for reconsideration of the penalty. Concur — Sullivan, J. P., Markewich, Bloom, Fein and Asch, JJ.